Reversed and Remanded and Opinion filed July 1, 2004









Reversed and Remanded and Opinion filed July 1, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00559-CR

NO. 14-03-00560-CR

NO. 14-03-00561-CR

NO. 14-03-00562-CR

____________

 

EX PARTE LES CANADY, CHARLIE
PENNELL, 

ISIDRO MENDEZ, AND DONALD HAWKINS

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause Nos. 946,374,
946,375, 946,377, 946,378

 



 

O P I N I O N

The State appeals from the trial court=s grant of habeas
corpus relief to appellees.  The State
argues the trial court improperly construed a provision found in the Texas
Water Code that bars subsequent 
prosecutions after an administrative penalty has been paid.  We reverse and remand.

Factual and Procedural Background

During the hearing on appellees= application for
writ of habeas corpus, the parties agreed to the following stipulated facts:








$                  
In
1999, the Texas Natural Resource Conservation Commission (TNRCC) instituted an
enforcement action against SeaTrax, Inc. and Emmett Properties, Inc. seeking
sanctions against both companies for violations of the Texas Solid Waste
Disposal Act, Texas Health & Safety Code, and the Texas Water Code.

$                  
On
June 14, 2000 the TNRCC assessed an administrative penalty against SeaTrax in
an amount of $93,125.00 and an administrative penalty against Emmett Properties
in the amount of $12,000.00, both pursuant to agreed orders that resolved the
enforcement actions.  The administrative
penalties were assessed for violations of Athe Act, the Code and the Rules of the TNRCC.@ 
Both SeaTrax and Emmett Properties paid the administrative penalties,
and all monies were paid prior to the return of any indictments against
appellees.

$                  
On
February 18, 2002, appellees were indicted individually in two hazardous waste
disposal cases alleged to have occurred on or about February 19, 1999 and April
7, 1999.  

$                  
The
administrative penalties assessed and paid by SeaTrax and Emmitt Properties
were for Athe same acts and violations of law@ that are alleged in the
indictments against each appellee.

$                  
Appellees
were employed by SeaTrax during the alleged dates of the violations and are all
employees of SeaTrax.  

Based on these facts, the trial court
determined appellees were being prosecuted for violations of law for which
SeaTrax and Emmitt Properties had previously paid administrative
penalties.  The Texas Water Code contains
a provision which prohibits the State from pursuing any additional civil or
criminal prosecutions if an administrative penalty has been paid for the same
violation.  See Tex. Water Code Ann. ' 7.068 (Vernon
2000).  Thus, the court concluded that
because SeaTrax and Emmitt Properties had already paid administrative penalties
for violations that occurred on the same day, the State was prohibited from
prosecuting appellees.  The trial court
thereafter granted habeas corpus relief. 


Discussion

In its sole issue on appeal, the State argues the trial
court erroneously interpreted section 7.068 of the Texas Water Code, thereby
prohibiting the State from prosecuting appellees for improperly disposing of
hazardous waste.  Section 7.068 provides:








Payment of an administrative
penalty under this subchapter is full and complete satisfaction of the
violation for which the penalty is assessed and precludes any other civil or
criminal penalty for the same violation. 

Texas Water Code Ann. ' 7.068.  The State argues payment of an administrative
penalty by one person only relieves that person from further prosecution
for the same violation.  Appellees, on
the other hand, argue payment of an administrative penalty by any party to the
offense precludes further prosecution, either civil or criminal, against any
other party to the same offense.  The
State contends the provision is more limiting and that appellees= interpretation
would lead to absurd results and consequences the legislature could not
possibly have intended. 

We begin our analysis by noting the Water
Code has its own provision relating to the construction of its sections.  Section 1.002, entitled AConstruction of
Code,@ provides: AThe Code
Construction Act (Chapter 311, Government Code) applies to the construction of
each provision in this code, except as otherwise expressly provided by this
code.@  Tex.
Water Code Ann. ' 1.002(a) (Vernon 2000).  The Code Construction Act allows for
consideration of extratextual factors regardless of whether the statute is
ambiguous on its face.  Tex. Gov=t Code Ann. ' 311.023 (Vernon 1998).  The Court of Criminal Appeals, however, has
directly limited the use of the Code Construction Act in interpreting statutes
by applying the Aplain language@ approach.  Boykin v. State, 818 S.W.2d 782, 785B86 (Tex. Crim.
App. 1991).  The Boykin court set
forth the following rule when interpreting a statute: AIf the plain
language of a statute would lead to absurd results, or if the language is not
plain but rather ambiguous, then and only then, out of absolute
necessity, is it constitutionally permissible for a court to consider, in
arriving at a sensible interpretation, such extratextual factors as
executive or administrative interpretations of the statute or legislative
history.@  Id. (emphasis in original).  Thus, a potential conflict exists between the
rule set forth in Boykin and application of the Code Construction
Act.  L.B. Foster Co. v. State,
106 S.W.3d 194, 202B03 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d); Allen v. State, 11 S.W.3d 474,
476 (Tex. App.CHouston [1st Dist.] 2000), aff=d, 48 S.W.3d 775
(Tex. Crim. App. 2001).








We may avoid this conflict, however, by
turning to an exception created by the Court of Criminal Appeals in Lanford
v. Fourteenth Court of Appeals, which provides that an ambiguity exists
when the parties take polarized positions regarding the interpretation of a
statute=s text.  Lanford, 847 S.W.2d 581, 587 (Tex.
Crim. App. 1993); L.B. Foster Co., 106 S.W.3d at 203; Allen, 11
S.W.3d at 476.  Because the parties here
take polar opposite positions regarding whether section 7.068 applies to a
single person or to all persons who commit a violation, we may presume an
ambiguity exists.  Therefore, we conclude
that we may consider extratextual factors pursuant to the Code Construction Act
in resolving the issue.  

A court=s objective in
construing a statute is to determine and give effect to the legislature=s intent.  Lanford, 847 S.W.2d at 586.  If possible, we must ascertain the
legislature=s intent from the language of the statute
and not resort to extraneous matters for an intent not stated in the
statute.  Id.  When interpreting a statute, we consider the
entire act, its nature and object, and the consequences that would follow from
each construction.  Cameron v. State,
988 S.W.2d 835, 842 (Tex. App.CSan Antonio 1999,
pet. ref=d).  We must presume the Legislature intends an
entire statute to be effective and that it favors public interests over private
interests.  Tex. Gov=t Code Ann. ' 311.021 (Vernon 1998).  Additionally, under the Code Construction
Act, we may consider other factors including, but not limited to, (1) the
object sought to be obtained; (2) the circumstances of the statute=s enactment; (3)
the legislative purpose; (4) the common law or former statutory provisions,
including laws on the same or similar subjects; and (5) the consequences of a
particular construction.  Tex. Gov=t Code Ann. ' 311.023.  









We must first define a violation under the code to
determine the scope of the statutory bar to further prosecution.  In this case, the parties were charged with
improper disposal of hazardous waste, which is prohibited by section 7.162 of
the Water Code.  See Tex. Water Code Ann. ' 7.162 (Vernon
2000).  Section 7.162 is entitled AViolations
Relating to Hazardous Waste,@ and provides that
Aa person commits an offense
if the person, acting intentionally or knowingly with respect to the
person=s conduct . . .
stores, processes, exports, or disposes of, or causes to be stored, processed,
exported, or disposed of, any hazardous waste without all permits . . . .@  Tex.
Water Code Ann. ' 7.162(a)(2) (emphasis added).  The Code Construction Act defines a Aperson@ as including a
corporation.  Tex. Gov=t Code Ann. ' 311.005(2) (Vernon 1998).  Applying the plain meaning of section 7.162,
a person, either an individual or a corporation, commits an offense if that
individual or corporation violates the statute. 
Thus, when two persons act in concert to commit an offense under 7.162,
each person commits a single violation, resulting in two violations.  

Here, the State alleged two corporations and four
individuals acted in concert to violate 7.162 by improperly disposing of
hazardous waste.  Under appellees= logic, once the
State chose to assess an administrative penalty against SeaTrax or Emmitt
Properties, and either party paid the penalty, the remaining guilty parties
would be discharged from liability.  This
interpretation, however, ignores the definition of a violation.  Section 7.068 only prohibits further
prosecution of a single violation for which an administrative penalty was
paid.  Tex.
Water Code Ann. ' 7.068. 
The State alleged six people violated section 7.162, and according to
that section, a violation occurs when one person commits an act prohibited by
the statute.  Id.  When six people are involved in an act
prohibited by the statute, six separate violations have occurred, even though
each one stems from the same act. 
Accordingly, payment of an administrative penalty by SeaTrax for its
violation prohibits further prosecution only against SeaTrax and does not absolve
appellees from liability.








We may also look to other laws which address the same or
similar subjects.  Tex. Gov=t Code Ann. ' 311.023. 
The Penal Code prescribes liability for a person acting on behalf of a
corporation; section 7.23, subsection (a) of the Penal Code provides that A[a]n individual is
criminally responsible for conduct that he performs in the name of or in behalf
of a corporation or association to the same extent as if the conduct were
performed in his own name or behalf.@  Tex.
Pen. Code Ann. ' 7.23(a) (Vernon 2003).  Further, the Penal Code provides that a person
is responsible for his own conduct and that each party to an offense may be
charged with commission of the offense.  Tex. Pen. Code. Ann. ' 7.01 (Vernon
2003).  The Penal Code also defines a
violation of law in the same manner as the Water Code, by beginning each
section containing a violation with either Aa person commits
an offense if the person . . . @ or Aa person commits
an offense if he . . . .@  See,
e.g., Tex. Pen. Code Ann. '' 19.02(b),
20.02(a), 21.07(a), 30.02(a) (Vernon 2003). 
The Penal Code defines a person as an individual, corporation, or
association.  Tex. Pen. Code Ann. ' 1.07 (Vernon
2003).  Thus, under the Penal Code, a
corporation and its employees may each be criminally responsible for the same
acts which constitute a violation of law. 
Tex. Pen. Code Ann. ' 7.23.  Accordingly, our interpretation of a
violation is consistent with other code sections applying criminal liability. 

Additionally, we may look to the legislative history for
guidance in interpreting the provisions of the Water Code.  Tex.
Gov=t Code Ann. ' 311.023. 
Although there is no direct legislative history regarding section 7.068
or section 7.162, there was some discussion on the House floor relating to a
similar provision.  Debate on Tex. S.B.
1876 on the Floor of the House, 75th Leg., R.S. (May 27, 1997) (tape no. 222,
side A, available from Texas House of Representatives, Communications
Division).  During the discussion,
Representative Chisum explained the scope of section 7.167(a)(1), a provision
of the Water Code that prohibits making false statements relating to medical
waste.  Tex.
Water Code Ann. 7.167(a)(1) (Vernon 2000); Debate on Tex. S.B. 1876 on
the Floor of the House, 75th Leg., R.S. (May 27, 1997).  Although the discussion does not directly
relate to the statutory bar provision found in section 7.068, it does discuss
the meaning of criminal liability under the act, and is instructive because
that provision also begins its definition of a violation with Aa person commits
an offense if the person . . . .@  Tex.
Water Code Ann. ' 7.167(a)(1); Debate on Tex. S.B. 1876 on
the Floor of the House, 75th Leg., R.S. (May 27, 1997).  

Representative Chisum expressed concern
about a previous event in which several individuals claimed to ship hazardous
waste to a proper disposal site; the waste, however, was abandoned on empty
lots.  Debate on Tex. S.B. 1876 on the
Floor of the House, 75th Leg., R.S. (May 27, 1997).  Representative Swinford questioned the
extent of liability under the act by asking, AUnder this act,
the person that went into the hospital and picked up the 








medical
waste, the person that drove the pickup, the person that took the trailer, and
the person that dumped it out, all of these people would be [liable] under this
act, right?@  Id.  Representative Chisum responded that all of
those people would be liable, and the hospital would be liable as well.  Id. 
Representative Chisum further explained that, especially in the area
of hazardous waste, the parties involved in the disposal of waste are
responsible for the waste virtually all the way to the disposal site.  Id. 
It is clear the legislators intended the Water Code to impose more
stringent standards when dealing with hazardous waste disposal and to assure
that each person be accountable for his actions that violate a provision of the
code.  Id. 

Accordingly, we hold when an administrative penalty is paid
for a violation, section 7.068 of the Texas Water Code bars subsequent
prosecutions only for that violation. 
Here, SeaTrax was assessed and paid an administrative penalty for its
violation of section 7.162; thus, the State is barred from further prosecution
of SeaTrax for its violation of 7.162. 
Appellees, however, committed separate violations under the Water Code,
even though the violations are based on the same acts committed by
SeaTrax.  Accordingly, the State is not
barred from prosecuting appellees individually for their actions because
appellees are charged with separate violations under the Code for which no
administrative penalty has been paid.  

The State=s sole issue on appeal is
sustained.  The judgment of the trial
court is reversed and the cases remanded to the trial court further action
consistent with this opinion.  

 

 

 

/s/      John
S. Anderson

Justice

 

 

Judgment rendered
and Opinion filed July 1, 2004.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Publish C Tex. R. App. P.
47.2(b).